UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIE CHARLES FORD, JR.,

    Plaintiff,

v.                                      Case No. 3:22cv9205-MCR-HTC

SECRETARY OF STATE DOC RICKY D. DIXON,
SENIOR CHAPLAIN S. DEAN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Willie Charles Ford, Jr., proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be DISMISSED without prejudice as malicious for abuse of the judicial process based on Plaintiff's failure to disclose his complete litigation history.

## I.  STANDARD OF REVIEW

Because Plaintiff is (1) a prisoner seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

## II.  FAILURE TO DISCLOSE

Section IV of the complaint form, ECF Doc. 1, used by Plaintiff, titled Previous Lawsuits, specifically asks: "**Have you initiated other actions . . . in either state or federal court that relate to the fact or manner of your incarceration . . . or the conditions of your confinement . . .?**" and "**Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed.**" *Id*. at 4-5.  Plaintiff checked "No" for each question and wrote "N/A" in all caps on each blank under the questions. *Id.*  Plaintiff signed the complaint "under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." *Id*. at 7.  Despite that declaration, Plaintiff

made false representations in the complaint by failing to disclose his prior federal action.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned takes judicial notice that Plaintiff filed *Ford v. Lussier*, Case No. 4:11cv514-WS-WCS in the Northern District of Florida, and the case was transferred to the Middle District of Florida, where it was assigned Case No. 3:11-cv-1229-TJC-JK. Plaintiff did not disclose this case on the complaint form.

The plaintiff in that case bears Plaintiff's name, Willie Charles Ford, Jr., and the same Florida Department of Corrections inmate number #I03976. Also, the signature of the plaintiff in that case and this one are identical. In that case, Plaintiff alleged officers violated his constitutional rights which led to his unlawful arrest and false imprisonment. Plaintiff's claim that an officer falsified a probable cause affidavit was dismissed for failure to state a claim as it was barred by *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Plaintiff's claim that another officer illegally

seized his vehicle was dismissed as frivolous. Plaintiff should have disclosed this case in response to the questions above, and did not do so.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: **"FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN DISMISSAL OF THIS CASE**.**"** ECF Doc. 1 at 3. Nonetheless, Plaintiff made a false representation in his complaint. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, Case No. 5:08cv300-RS-EMT, 2010 WL

1380247, *2 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice when prisoner failed to disclose one prior federal case); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is respectfully RECOMMENDED:

1.   This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2.   The clerk be directed to close the file.

At Pensacola, Florida, this 24th day of August 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.